## SPECIAL WRITTEN INSTRUCTIONS MUST UPON REQUEST BE SENT TO THE JURY DURING DELIBERATION.

### CONE AND O'DELL V. BRIGHT.

Decided, June 16, 1903—68 Ohio State, p. 543.

*Trial by Jury—Section 5190, Revised Statutes—Presentation of Written Instructions—If Requested by Either Party—Refusal by Court Cause for Error—Court Proceedings.*

On the trial of a cause to a jury if a party thereto present written instructions to the court on matters of law and requests the same to be given to the jury before argument is commenced, as provided for in Subdivision 5 of Section 5190, Revised Statutes, which is done, and such party at the close of the general charge asks the court to permit the jury to take the written instructions so given, in their retirement, or send the same to the jury during its deliberations, as provided for in Subdivision 7 of said section, a refusal by the court to grant the request is error for which a judgment against the party making the request will be reversed.

Error to the Circuit Court of Hancock County.

The defendant in error, John Bright, brought his action in the court of common pleas to recover of the plaintiffs in error a considerable sum of money which, he alleges, he lost to them during the month of February, 1899, while dealing in margins at their place of business conducted in Findlay, Ohio. He alleges that the

dealings with the defendants below were in their nature wagers or bets on the prices of commodities for sale in the markets at Chicago and other cities, and therefore in violation of the statutes of this state, which authorize a recovery back from the owner of money lost on such wagers or bets.

The plaintiffs in error denied all the allegations of the petition made against them respectively.

The case was tried to a jury; numerous exceptions were taken on the introduction of plaintiff's testimony by O'Dell, and at the close of the testimony, and before the beginning of arguments of counsel to the jury, the defendants, now plaintiffs in error, each requested the court to give certain written instructions in their behalf before the arguments commenced. The instructions presented by Cone were given as requested. Some of the instructions asked by O'Dell were given before argument, and others were refused. There was no request that the general charge of the court should be reduced to writing and it was not a written charge. O'Dell excepted to the charge, and thereupon requested the court to send the special instructions which were given before argument to the jury room during their deliberations. This was objected to by the plaintiff on the ground "that the charge is not in writing, and the special instructions should not be sent to the jury unless a written charge be sent therewith."

The court sustained this view and refused to send the instructions so given to the jury, to which O'Dell excepted. Cone made no such request, and took no exceptions on the subject.

The jury found against both Cone and O'Dell and assessed the recovery at $3,888.14. A motion for new trial was overruled and judgment was entered on the verdict. The circuit court affirmed the judgment, and error is prosecuted here to reverse the judgments of both courts.

*Harlan F. Burket, Shay & Cogan* and *George H. Phelps,* for plaintiffs in error.

*James A. Bope, E. V. Bope* and *E. Y. Dunn,* for defendant in error.

By the Court.

Burket, C. J.; Spear, Davis, Shauck, Price and Crew, JJ., concur.

While the record shows that Frank Cone, one of the defendants in the court of common pleas, joins O'Dell in the petition in error, it is quite evident that he has no ground of complaint. The evidence against him was not only competent, but was sufficient in weight to justify the verdict against him. The court gave the special instructions he requested and he took no exception to the general charge. An affirmance of the judgment against him naturally follows.

The record as to O'Dell is not so clear. He interposed numerous objections to the evidence of the plaintiff, which consisted mostly of his own testimony, and struggled against its admission where the plaintiff testified to the statements and declarations of Cone, his co-defendant. The reason which he presented and urged repeatedly against the admission of such statements by Cone appears to be, that they were not made in the presence of O'Dell, and that it was not shown that they were jointly interested in the transaction through which the money was lost, nor that there was a combination or conspiracy on their part to perpetrate the wrongs complained of.

In order to properly decide upon the competency of such evidence, we have looked carefully into the record, and the result of our investigation is, that the facts against O'Dell are rather meager and frail. But there is some evidence coming from his own lips which, if true, indicates that at the close of the unfortunate investments of the plaintiff, O'Dell was personally interviewed and appealed to for some relief from the losses plaintiff had sustained, whereupon he informed the plaintiff that he had no more goods to sell him, was out of the commodities in which plaintiff had been dealing, etc. This remark is significant as implying a knowledge of and connection with what had preceded, and his part in it, and the statement, when coupled with a few other facts against him, furnishes some basis, although weak it is, for the finding of the jury and also for the refusal of the court to rule out the evidence objected to.

The court gave certain instructions asked by O'Dell to be given before argument, and refused others; but we perceive no error in such refusal. Nor do we find reversible error in the general charge.

After this charge, O'Dell requested the court to send to the jury rooms during the deliberations of the jury, the special instructions given before the argument to the jury commenced. The court denied this request for the stated reason, that the general charge was not in writing. O'Dell excepted to the ruling of the court, and this exception presents the most substantial question in the case.

Subdivisions 5 and 7 of Section 5190, Revised Statutes, provide:

"5. When the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

"7. The court, after the argument is concluded, shall, before proceeding with other business, charge the jury; any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, request it; a charge or instruction, when so written and given, shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement, and returned with their verdict into court, and shall remain on file with the papers of the case."

The instructions referred to were, beyond doubt, in writing. They appear in the record, each one bearing its respective number, and only *written* instructions are recognized by Subdivision 5. They had a physical existence, for the court was asked to send them to the jury room. Therefore, had the court any discretion to refuse the request? We think not.

The purpose, in part at least, of having proper instructions given before argument, is that counsel for each party may know in advance of argument to the jury, what the law of the case is on certain or all the questions of law involved. They become a guide by which counsel may regulate and govern their arguments, and having this important part to play, they become a part of the papers of the case and they "shall be taken by the jurors in their retirement,

and returned with their verdict into court, 'and' shall remain on file with the papers of the case."

These special instructions, oftentimes, cover about all questions in controversy, so that, when given to the jury, little, if any, further charge becomes necessary. And the fact' that the general charge is not in writing does not release the court of the duty imposed by statute as to written instructions which have been presented and given before argument to the jury. The request of O'Dell directed the attention of the court to this duty, 'and the refusal to perform it is error, for which the judgment as to O'Dell must be reversed.

The judgment as to Frank Cone is affirmed; but the judgment against W. J. O'Dell is reversed and the cause is remanded for further proceedings according to law.

*Judgment against W. J. O'Dell reversed.*

---

## VALIDITY OF A DECREE TO PAY A DIVORCED WIFE A FIXED SUM EVERY MONTH DURING HER LIFE.