## MARKET et v. FOUTS

Ohio Appeals, 3rd Dist., Henry Co.
No. 189.　Decided Nov. 4, 1927.
**First Publication of this Opinion.**

Syllabus by Editorial Staff. ·

**225.　CHARGE OF COURT—1195.　Trial.**

Mandatory for court to permit jury to take written instructions in retirement. Failure is error calling for reversal.

**191.　BURDEN OF PROOF—923.　Pleadings.**

Affirmative averments not affirmative defenses. Unless affirmative defense is pleaded, burden of proof is upon plaintiff.

Error to Common Pleas.
Judgment reversed.

J. F. Vandenbroek and Jas. P. Ragan, Napoleon, for Market.

Otto W Hess, Napoleon, for Fouts.

### FULL TEXT

Before Judges Crow, Hughes and Justice.

HUGHES, J.

We have spent many days in reading the voluminous record before us in this case that we might intelligently pass upon the numerous errors assigned.

There are but three which we deem of sufficient importance to call for a discussion here. They are, relative to the misconduct of the attorney for the plaintiff, during the trial; the refusal of the court, upon the request of the defendants, to permit the jury to have with it in its deliberations, the special requests that were given before argument on behalf of the defendants; and the charge of the court placing the burden of proof upon the defendants in respect to the affirmative averments contained in their answer.

To use the expression of Judge Shauck in the case of Railroad v. Pritschau, 69 OS. 444, the record before us contains the solemn assurance that there were many indulgences by counsel for both sides, both in their conduct and questions directed to witnesses and in the remarks made to witnesses and to each other, that were quite unbecoming in the orderly trial of a lawsuit, and it is only proper to say that the permission of such conduct on the part of attorneys engaged in the trial of lawsuits does not in any way tend to elevate or increase the respect of the attending layman for courts and the administration of justice by the machinery provided therefor.

The entire argument of counsel is not contained in the bill of exceptions and we are unable to say whether or not the remarks as found in the extracts, were brought out by counsel on behalf of the defendants, but we deem this sufficient comment upon the conduct of counsel inasmuch as in the other grounds of error we find sufficient merit calling for a reversal of the judgment.

As held in the case of Cohn and O'Dell v. Bright, 68 OS. 543, it was mandatory for the court to permit the jury to take the written instructions in their retirement, and this was error calling for the reversal of the judgment.

In placing the burden of proof upon the defendants regarding the affirmative averments contained in the answer of the defendants, the court also erred. Unless there is plead what is known to the law as an affirmative defense, the burden of proof is upon the plaintiff. The affirmative averments regarding the character of the plaintiff, and like averments, while averments of facts were not affirmative defenses, the same facts being provable under a general denial, and the answer therefore was in effect simply a general denial of the case made in the petition of the plaintiff, leaving the burden of proof remaining with the plaintiff to make out her case by a preponderance of the evidence.

For these errors, the judgment must be reversed.